IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| STONY CREEK AT BINDON, LLC, and CUTHBERT HOUSE, LLC, | ) | 9:25-cv-09984-DCN |
| | ) | |
| | ) | C/A No.: _____ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| THE COLLETON COLLECTION LLC, and BRENDAN GRESHAM, | ) | **[Jury Trial Demanded]** |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs Stony Creek at Bindon, LLC ("Stony Creek") and Cuthbert House, LLC ("Cuthbert House"; together with Stony Creek, the "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendants The Colleton Collection LLC ("Colleton Collection") and Brendan Gresham ("Gresham"; together with Colleton Collection, the "Defendants"), allege as follows:

**PARTIES**

1.    Stony Creek is a limited liability company organized and existing under the laws of the State of North Carolina with a principal place of business in Winston-Salem, Forsyth County, North Carolina.

2.    Cuthbert House is a limited liability company organized and existing under the laws of the State of North Carolina with a principal place of business in Winston-Salem, Forsyth County, North Carolina.

3.     Stony Creek and Cuthbert House are separate and distinct entities, but each is managed by common member H. Christopher Ramm ("Ramm"), a citizen and resident of Winston-Salem, Forsyth County, North Carolina.

4.     Upon information and belief, Colleton Collection is a limited liability company organized and existing under the laws of the State of South Carolina with a principal place of business in Beaufort, Beaufort County, South Carolina.

5.     Upon information and belief, Colleton Collection is a single-member limited liability company owned and operated by Gresham.

6.     Upon information and belief, Gresham is an individual who is a citizen and resident of Beaufort, Beaufort County, South Carolina.

7.     This action arises under, *inter alia*, the copyright, false advertising, and unfair competition laws of the United States, including Title 17, Chapter 5 and Title 15, Chapter 22 of the United States Code, the Copyright and Lanham Acts.

## JURISDICTION AND VENUE

8.     Defendants are subject to personal jurisdiction in the State of South Carolina and this District because they are domiciled in this District and, as described below, they committed violations of the Copyright and Lanham Acts that are the subject of this Complaint within South Carolina and this District.

9.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 1367, and 15 U.S.C. § 1121. This Court also has jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1400(a) because it is the place in which Defendants and their agents reside, conduct business, and a substantial part of the events or omissions giving rise to the claims occurred.

## FACTS

### Stony Creek's Business, Copyrighted Works, and Trademark

11.     Stony Creek owns and operates a private residential and sporting community on a storied 1,348-acre property protected by a conservation easement approximately thirty minutes northwest of Beaufort, South Carolina.

12.     In January 2023, Stony Creek hired CJ Brown – Brown Land + Plantation Advisors to develop advertising for the Stony Creek property for Stony Creek's use on the web, social media, YouTube, and for digital ad placements.

13.     In connection with hiring CJ Brown – Brown Land + Plantation Advisors, Stony Creek hired and paid Keen Eye Marketing to create "lifestyle" videos and photographs of the Stony Creek property.

14.     Principal photography and videography took place on January 18 and 19, 2023.

15.     Keen Eye Marketing is the author of the "lifestyle" videos and photographs of the Stony Creek property.

16.     Effective January 19, 2023, Keen Eye Marketing assigned all rights, title, and interest—including all rights under copyright—to approximately 250 photographs taken at the Stony Creek property to Stony Creek via a Copyright Assignment, including the following seven photographs:

a.   Boat on Dock;

      b.   Sunrise over Stony Creek;

      c.   Stony Creek – Live Oak;

      d.   Oyster Roast;

      e.   UTV;

      f.   Three Bird Hunters; and

      g.   Hunter with Birddog.

These seven photographs are hereinafter referred to individually by name or collectively as the "2023 Stony Creek at Bindon Photographs." A true and accurate copy of the Copyright Assignment is attached hereto as **Exhibit 1**.

17.     The 2023 Stony Creek at Bindon Photographs are wholly original, and Stony Creek is the exclusive owner of all rights, title, and interest, including all rights under copyright, in the 2023 Stony Creek at Bindon Photographs.

18.     The 2023 Stony Creek at Bindon Photographs were first published on January 24, 2023.

19.     Stony Creek (together with its licensees) has published, distributed, advertised, and publicly displayed the 2023 Stony Creek at Bindon Photographs throughout this District and the United States.

20.     Stony Creek is the owner of valid and subsisting United States Copyright Registration No. VA 2-431-173 for the 2023 Stony Creek at Bindon Photographs, issued by the United States Copyright Office on February 4, 2025, effective as of January 30, 2025. A true and accurate copy of Stony Creek's copyright registration certificate for Stony Creek's Registration No. VA 2-431-173 is attached hereto as **Exhibit 2**.

21.    For more than two years, Stony Creek and its licensees have used (and continue to use) the 2023 Stony Creek at Bindon Photographs throughout print and digital advertising to distinguish Stony Creek's unique property.

22.    The 2023 Stony Creek at Bindon Photographs are of significant value to Stony Creek because they highlight the majesty of its 1,348-acre property and entice prospective residents to become part of an exclusive, sought-after community.

23.    In addition to the Stony Creek at Bindon Photographs, Stony Creek is the rightful owner of the "Stony Creek at Bindon Plantation" trade name and mark ("Stony Creek Mark").

24.    The Stony Creek Mark also constitutes valuable intellectual property that Stony Creek owns. For example, Stony Creek has invested substantial time, effort, and money to ensure that consumers associate the Stony Creek Mark with Stony Creek's residential and sporting community.

25.    As a result, consumers have, in fact, come to associate the Stony Creek Mark with a high-quality, lifestyle experience consistent with the unique attributes Stony Creek's property provides.

**Cuthbert House's Business; Colleton Collection's Business; Cuthbert House's Hiring and Firing of Colleton Collection**

26.    Cuthbert House owns a historic, waterfront inn on the banks of the Beaufort River on Bay Street in Beaufort, South Carolina.

27.    Cuthbert House prides itself on owning and operating a top-tier bed-and-breakfast inn that offers its guests exceptional customer service that epitomizes Southern hospitality and elegance.

28.     Cuthbert House is the rightful owner of the "Cuthbert House" trade name and mark (the "Cuthbert House Mark").

29.     The Cuthbert House Mark constitutes valuable intellectual property that Cuthbert House owns. For example, Cuthbert House has invested substantial time, effort, and money to ensure that consumers associate its bed-and-breakfast inn with exceptional customer service, Southern hospitality, and elegance.

30.     As a result, consumers have, in fact, come to associate the Cuthbert House Mark with the aforementioned attributes.

31.     Colleton Collection is a hospitality management and development company.

32.     In September 2023, Cuthbert House entered into a Hotel Management Agreement ("HMA") with Colleton Collection to have Colleton Collection act as Cuthbert House's agent and manage the inn. A true and accurate copy of the HMA is attached hereto as **Exhibit 3**.

33.     At the time the HMA was signed, and at all times relevant to the allegations contained herein, Gresham was/is a member of Colleton Collection and its managing member. Accordingly, upon information and belief, Gresham has directed and controlled all of Colleton Collection's actions described herein.

34.     Among other things, the HMA afforded to Colleton Collection the authority to arrange and contract for the advertising and promotion of the inn, including through various websites, and use of the Cuthbert House Mark.[1] (Ex. 3 §§ 4.2(k), 17.12). These rights granted to Colleton Collection would end upon the termination of the HMA. (*Id.* § 17.12).

---

[1] An application for the registration of the Cuthbert House Mark in association with "bed and breakfast services" and "bed and breakfast inn services" is currently pending with the United States

35.   The HMA contemplated an initial 5-year term that was automatically renewable. (*Id.* §§ 2.1, 2.2).

36.   Due to Colleton Collection's past performance that was not aligned with Cuthbert House's reputation, goodwill, and expectations, Cuthbert House had no choice but to terminate the HMA after 16 months.

37.   On January 22, 2025, Cuthbert House and Colleton Collection entered into a Termination and Release Agreement ("TRA") to memorialize the end of their business relationship. A true and accurate copy of the TRA is attached hereto as **Exhibit 4**.

**Defendants Violate Plaintiffs' Intellectual-Property Rights**

38.   Stony Creek never had a formal (or informal) business relationship with Colleton Collection or Gresham.

39.   Colleton Collection and Cuthbert House contemplated future management services involving the Stony Creek property in the HMA, yet Cuthbert House never authorized, nor could it authorize, such management services (*See* Ex. 3 § 10.1 ("at such time as [Cuthbert House] causes Stony Creek at Bindon Plantation to be managed by [Colleton Collection] or added to the Hotel").

40.   Stony Creek is not a party to the HMA or the TRA.

41.   Stony Creek never entered into any agreement with Colleton Collection.

42.   During the January 18 and 19, 2023, days of photography of the Stony Creek property, Stony Creek hosted an oyster roast and invited friends to attend to promote the social aspect of Stony Creek.

---

Patent and Trademark Office. A true and accurate copy of Cuthbert House's trademark application is attached hereto as **Exhibit 11**.

43.     Gresham attended the oyster roast and asked Ramm for photographs from the event.

44.     Ramm shared the 2023 Stony Creek at Bindon Photographs with Gresham for personal viewing, not to be used in a commercial manner.

45.     Stony Creek never authorized Colleton Collection or Gresham to make commercial use of the 2023 Stony Creek at Bindon Photographs or the Stony Creek Mark.

46.     Yet in the Spring of 2024, Stony Creek discovered that the Defendants had reproduced and published identical copies of the 2023 Stony Creek at Bindon Photographs on social media platforms and the Colleton Collection website.

47.     In the Spring of 2024, Stony Creek discovered that Defendants marketed the Stony Creek property on the Colleton Collection website using the Stony Creek Mark with the language, "Coming Soon," despite no authorization for Defendants to do so.

48.     Upon information and belief, Defendants had access to the 2023 Stony Creek at Bindon Photographs via Stony Creek's website via <www.bindonplantation.com>.

49.     On June 5, 2024, Stony Creek through Ramm, its managing member, sent email correspondence to Gresham objecting to Colleton Collection's unauthorized reproduction of the 2023 Stony Creek at Bindon Photographs and references to Stony Creek. Specifically, Ramm asked that Gresham remove "any images and reference to Stony Creek on your website and other social media accounts." A true and accurate copy of the June 5, 2024, email exchange between Ramm and Gresham is attached hereto as **Exhibit 5**.

50.     In addition, Ramm called Gresham by telephone to reiterate the takedown request.

51.     Gresham acknowledged the same and confirmed via email that he would comply with the request. (*Id.*). Gresham's claimed compliance was false.

52.     Colleton Collection published identical copies of the 2023 Stony Creek at Bindon Photographs on its website at various times since.

53.     True and accurate copies of screenshots taken on December 30, 2024, depicting Colleton Collection's unlawful publication of the 2023 Stony Creek at Bindon Photographs are attached hereto as **Exhibit 6**.

54.     True and accurate copies of screenshots taken on March 14, 2025, depicting Colleton Collection's unlawful publication of Boat on Dock and Sunrise over Stony Creek are attached hereto as **Exhibit 7**.

55.     Colleton Collection's use of the 2023 Stony Creek at Bindon Photographs and portions thereof are without Stony Creek's authorization, consent, or knowledge, and without any compensation to Stony Creek.

56.     Upon information and belief, Colleton Collection continues to publish identical copies of the 2023 Stony Creek at Bindon Photographs or portions thereof online and on other digital platforms.

57.     Colleton Collection's identical copying and exploitation of the 2023 Stony Creek at Bindon Photographs was willful, and in disregard of, and with indifference to, the rights of Stony Creek. Upon information and belief, Colleton Collection's intentional, infringing conduct was undertaken to reap the aesthetic benefit and value associated with the 2023 Stony Creek at Bindon Photographs. By failing to obtain Stony Creek's authorization to use the 2023 Stony Creek at Bindon Photographs or to compensate Stony Creek for the use, Colleton Collection has avoided payment of license fees and other financial costs associated with obtaining permission to exploit

the 2023 Stony Creek at Bindon Photographs, as well as the restrictions that Stony Creek is entitled to and would place on any such exploitation as conditions for Stony Creek's permission, including the right to deny permission altogether.

58.    Colleton Collection's continued use of the 2023 Stony Creek at Bindon Photographs, and its unauthorized use of the Stony Creek Mark, in the advertising and conduct of its business misleads the public by suggesting and implying that there is a relationship, affiliation, or identity between Colleton Collection and Stony Creek. There is not and there never has been.

59.    As a result of Colleton Collection's actions described above, Stony Creek has been directly damaged, and is continuing to be damaged, by the unauthorized publication of the 2023 Stony Creek at Bindon Photographs. Colleton Collection has never accounted to or otherwise paid Stony Creek for its use of the 2023 Stony Creek at Bindon Photographs or any portions thereof.

60.    Colleton Collection's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Stony Creek for which Stony Creek has no adequate remedy at law

61.    Separately, and despite the termination of the business relationship between Cuthbert House and Colleton Collection on January 22, 2025, Colleton Collection continued to not only list—but prominently feature—Cuthbert House on its website as a "notable project." (Ex. 7).

62.    Upon termination of the HMA through the TRA, Colleton Collection was required to "discontinue using any such names and marks of [Cuthbert House] in the conduct of its business, and shall not intentionally engage in any business or advertising practice that could lead the public to believe that there is any continuing relationship, affiliation or identity with

[Colleton Collection] or [Cuthbert House] as to the Hotel (as defined therein to be "Cuthbert House," or the hotel located at 1203 Bay Street, Beaufort, South Carolina 29902)." (Ex. 3 §17.12).

63.     As of March 17, 2025, Colleton Collection's LinkedIn page continues to list and feature Cuthbert House. True and accurate copies of these screenshots are attached hereto as **Exhibit 8**.

64.     As of March 17, 2025, Gresham's LinkedIn page continues to list and feature Cuthbert House. True and accurate copies of these screenshots are attached hereto as **Exhibit 9**.

65.     Furthermore, as of April 3, 2025, Colleton Collection's Facebook page continues to list and feature Cuthbert House. True and accurate copies of these screenshots are attached hereto as **Exhibit 10.**

66.     Defendants' use of the Cuthbert House Mark after the termination of the HMA through the TRA is without Cuthbert House's authorization, consent, or knowledge, and without any compensation to Cuthbert House.

67.     Upon information and belief, Defendants continue to publish the Cuthbert House Mark on the Colleton Collection online and have failed to remove past social media "posts" relating to the Cuthbert House.

68.     Defendants' publication of the Cuthbert House Mark on the Colleton Collection website and other digital platforms is willful, and in disregard of, and with indifference to, the rights of Cuthbert House and the TRA. Upon information and belief, Defendants' intentional conduct was undertaken to reap the reputational benefit and value associated with this top-tier, historic inn.

69.     Defendants' continued use of the Cuthbert House Mark in the advertising and conduct of their business misleads the public by suggesting and implying that there is a continuing relationship, affiliation, or identity between Defendants and Cuthbert House. There is not.

70.     In addition to Colleton Collection's continued use of the Cuthbert House Mark, Cuthbert House discovered on or around February 10, 2025, that Gresham cloned the Cuthbert House website on February 6, 2025.

71.     Gresham cloned the Cuthbert House website without consent or authorization by Cuthbert House.

72.     Upon information and belief, Gresham cloned—acting in his capacity as Colleton Collection's managing member and on its behalf—the Cuthbert House website for purposes of creating a website template to adapt for future clients of Colleton Collection.

73.     Yet, the cloned website created the false impression of a continuing relationship, affiliation, or identity between Colleton Collection and Cuthbert House.

74.     Defendants had no legitimate business reason to clone the Cuthbert House website.

75.     As a result of Defendants' actions described above, Cuthbert House has been directly damaged, and is continuing to be damaged, by the unauthorized use of the Cuthbert House Mark.

76.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Cuthbert House for which Cuthbert House has no adequate remedy at law

77.     Plaintiffs seek monetary and injunctive relief for Defendants' unlawful actions.

### FIRST CAUSE OF ACTION
Federal Copyright Infringement, 17 U.S.C. § 501
(Stony Creek v. Colleton Collection)

78.     Stony Creek repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

79.     The 2023 Stony Creek at Bindon Photographs are original photographs containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et seq*. Stony Creek is the exclusive owner of rights under copyright in and to the 2023 Stony Creek at Bindon Photographs. Stony Creek owns a valid copyright registration for the 2023 Stony Creek at Bindon Photographs. *See* **Exhibit 2**.

80.     Through Colleton Collection's conduct alleged herein, including Colleton Collection's publication of the 2023 Stony Creek at Bindon Photographs without Stony Creek's permission, Colleton Collection has directly infringed Stony Creek's exclusive rights in the 2023 Stony Creek at Bindon Photographs in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

81.     Upon information and belief, Colleton Collection's infringing conduct alleged herein was and continues to be willful and with full knowledge of Stony Creek's rights in the 2023 Stony Creek at Bindon Photographs and has enabled Colleton Collection illegally to obtain profit therefrom.

82.     As a direct and proximate result of Colleton Collection's infringing conduct alleged herein, Stony Creek has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Stony Creek is also entitled to recovery of lost licensing

fees and Colleton Collection's profits attributable to Colleton Collection's infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

83.     Stony Creek further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

84.     As a direct and proximate result of Colleton Collection's infringing conduct alleged herein, Stony Creek has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Upon information and belief, unless Colleton Collection's infringing conduct is enjoined by this Court, Colleton Collection will continue to infringe the 2023 Stony Creek at Bindon Photographs. Stony Creek therefore is entitled to permanent injunctive relief restraining and enjoining Colleton Collection's ongoing infringing conduct.

### SECOND CAUSE OF ACTION
Federal Trademark Infringement and False Advertising: 15 U.S.C. § 1125(a)(1)(A) and (B)
(Stony Creek v. Defendants)

85.     Stony Creek repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

86.     Defendants' unauthorized use in commerce of the Stony Creek Mark as alleged herein, specifically in their commercial, digital advertising and promotion, misrepresents to the public the nature and quality of Defendants' services.

87.     Defendants' unauthorized use in commerce of the Stony Creek Mark as alleged herein is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Stony Creek, or that Defendants are in some way affiliated with or sponsored by Stony Creek.

88.     Defendants' unauthorized use in commerce of the Stony Creek Mark as alleged herein constitutes a misleading description and representation of fact.

89.     Defendants' misrepresentation is material, in that it is likely to influence, entice, and impact the hiring and/or purchasing decisions of others.

90.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Stony Creek, which affiliation, connection, and association do not exist.

91.     Defendants' conduct as alleged herein constitutes trademark infringement and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B).

92.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Stony Creek, and to its goodwill and reputation, and will continue to both damage Stony Creek and confuse the public unless enjoined by this Court. Stony Creek has no adequate remedy at law.

93.     Stony Creek is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## **THIRD CAUSE OF ACTION**
Federal Trademark Infringement and False Advertising, 15 U.S.C. § 1125(a)(1)(A) and (B)
(Cuthbert House v. Defendants)

94.     Cuthbert House repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

95.     Defendants' unauthorized use in commerce of the Cuthbert House Mark as alleged herein, specifically in their commercial, digital advertising and promotion, misrepresents to the public the nature and quality of Defendants' services.

96.     Defendants' unauthorized use in commerce of the Cuthbert House Mark as alleged herein is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Cuthbert House, or that Defendants are in some way affiliated with or sponsored by Cuthbert House when they are not.

97.     Defendants' unauthorized use in commerce of the Cuthbert House Mark as alleged herein constitutes a misleading description and representation of fact.

98.     Defendants' misrepresentation is material, in that it is likely to influence, entice, and impact the hiring and/or purchasing decisions of others.

99.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Cuthbert House.

100.     Defendants' conduct as alleged herein constitutes trademark infringement and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B).

101.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Cuthbert House, and to its goodwill and reputation, and will continue to both damage Cuthbert House and confuse the public unless enjoined by this Court. Cuthbert House has no adequate remedy at law.

102.     Cuthbert House is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys'

fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**<u>FOURTH CAUSE OF ACTION</u>**
N.C. Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1
(Plaintiffs v. Defendants)

103.    Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if fully set forth herein.

104.    Defendants' conduct described herein, including its cloning of Cuthbert House's website and use of Plaintiffs' intellectual property to falsely imply association with each Plaintiff is misconduct that is in or affecting commerce and constitutes an unfair method of competition and unfair and deceptive acts and practices under North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1 *et seq. See, e.g.*, *Nobriga v. La Kumbala Lounge & Rest., Inc.*, 2024 WL 2951753, at *8 (E.D.N.C. May 23, 2024), *M. & R. adopted*, 2024 WL 2947704 (E.D.N.C. June 11, 2024) (finding that defendants engaged in unfair and deceptive acts or practices when they published plaintiffs' images on a website and social media accounts, giving consumers a false impression that plaintiffs were employed by or associated with defendants; granting default judgment on UDTPA claim).

105.    Upon information and belief, Defendants have generated revenue and earned profits from their unfair methods of competition and deceptive acts and practices and have the opportunity to continue to earn future profits from future sales.

106.    Defendants' unfair methods of competition and unfair and deceptive acts and practices have caused harm and injury to Plaintiffs. This conduct has harmed each Plaintiff's reputation and the goodwill associated with their respective services and caused Plaintiffs monetary damage, loss, and injury in an amount to be determined at trial. Such harm and injury

are the direct and proximate result of Defendants' unfair methods of competition and unfair and deceptive acts and practices.

107.   Each Plaintiff has its principal place of business and headquarters in North Carolina. Defendants' conduct as described herein caused them to suffer injury to their business interests in North Carolina.

108.   Stony Creek is entitled to recover treble damages and attorneys' fees under N.C. Gen. Stat. §§ 75-16, 75-16.1.

109.   Cuthbert House is entitled to recover treble damages and attorneys' fees under N.C. Gen. Stat. §§ 75-16, 75-16.1.

**FIFTH CAUSE OF ACTION**
S.C. Unfair Trade Practices Act, S.C. Gen. Stat. § 39-5-10 *et seq.*
(Plaintiffs v. Defendants)

110.   Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if fully set forth herein.

111.   The acts of the Defendants in using the Cuthbert House Mark and Stony Creek Mark ("Marks") and in cloning Cuthbert House's website are unfair and deceptive acts or practices as contemplated by the South Carolina Unfair Trade Practices Act, § 39-5-10 *et seq.* of the Code of Laws of South Carolina (1976) as amended ("SCUTPA").

112.   The acts of the Defendants as aforesaid are deceptive acts and practices which are directed at the public, and which are likely to be repeated, and therefore, have an adverse impact on the public interest.

113.   Defendants' unfair methods of competition and unfair and deceptive acts and practices have caused ascertainable harm and injury to Plaintiffs. This conduct has harmed each Plaintiff's reputation and the goodwill associated with their respective services and caused Plaintiffs monetary damage, loss, and injury in an amount to be determined at trial. Such harm and

injury are the direct and proximate result of Defendants' unfair methods of competition and unfair and deceptive acts and practices.

114.    The acts of the Defendants as aforesaid are willful and knowing uses of unfair and deceptive methods, acts and practices.

115.    Stony Creek is entitled to recover its actual damages—to include all special and consequential damages that are a natural and proximate result of Defendants' deceptive conduct—treble damages, and attorneys' fees under S.C. Code Ann. § 39-5-140(a).

116.    Cuthbert House is entitled to recover its actual damages—to include all special and consequential damages that are a natural and proximate result of Defendants' deceptive conduct—treble damages, and attorneys' fees under S.C. Code Ann. § 39-5-140(a).

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

1.    That Colleton Collection has violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2.    That Defendants have violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B).

3.    That Defendants have violated the UDTPA (N.C. Gen. Stat. § 75-1.1).

4.    That Defendants have violated the SCUTPA (S.C. Gen. Stat. § 39-5-10 *et seq.*).

5.    Granting an injunction permanently enjoining Colleton Collection, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns,

and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

       a.    publishing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to publish, distribute, market, advertise, promote, display, or sell the 2023 Stony Creek at Bindon Photographs and any products, works, or other materials that include, copy, are derived from, or otherwise embody the 2023 Stony Creek at Bindon Photographs; and

       b.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

6.    Granting an injunction permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

       a.    publishing, marketing, advertising, promoting, or displaying, or authorizing any third party to publish, market, advertise, promote, or display the Cuthbert House Mark or images of the inn to falsely suggest a continued association, affiliation, or endorsement between Cuthbert House and Defendants; and

       b.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

7.    That Defendants be ordered to provide an accounting of their profits attributable to Colleton Collection's infringing conduct and Defendants' other unlawful conduct.

8.    That Colleton Collection be ordered to destroy or deliver up for destruction all materials in Colleton Collection's possession, custody, or control used by Colleton Collection

in connection with Colleton Collection's infringing conduct, including without limitation all remaining copies of the 2023 Stony Creek at Bindon Photographs and any products and works that embody any reproduction or other copy or colorable imitation of the 2023 Stony Creek at Bindon Photographs, as well as all means for manufacturing them.

9.      That Colleton Collection, at its own expense, be ordered to recall the 2023 Stony Creek at Bindon Photographs from any distributors, retailers, vendors, or others that have distributed the 2023 Stony Creek at Bindon Photographs on Colleton Collection's behalf, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the 2023 Stony Creek at Bindon Photographs, and that Colleton Collection be ordered to destroy or deliver up for destruction all materials returned to it.

10.      Awarding Plaintiffs:

a.      Defendants' profits obtained as a result of Colleton Collection's infringing conduct and Defendants' other unlawful conduct, or in the Court's discretion, such amount as the Court finds to be just and proper;

b.      damages sustained by Plaintiffs as a result of Colleton Collection's infringing conduct and Defendants' other unlawful conduct, in an amount to be proven at trial;

c.      should Stony Creek so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits;

d.      Plaintiffs' reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505, N.C. Gen. Stat. § 75-16.1, and as otherwise permitted by law;

e.      interest, including pre-judgment and post-judgment interest, on the foregoing sums; and

f.      such other and further relief as the Court deems just and proper.

Respectfully submitted this the 7th day of August, 2025.

/s/ *Amy H. Wooten*
Amy H. Wooten
S.C. Federal Bar I.D. No.:  11445
S.C. State Bar I.D. No.:  100128
N.C. State Bar I.D. No.:  39762
email:  ahwooten@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC  27636-3009
Telephone:  919.277.9100
Facsimile:  919.277.9177
*Attorneys for Plaintiffs*

Joseph A. Schouten
N.C. State Bar I.D. No.:  39430
email:  jas@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC  27636-3009
Telephone: (919) 277-9100
Facsimile: (919) 277-9177
*Pro Hac Vice Forthcoming*